IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FREI,<br><br>    Plaintiff,<br><br>  v.<br><br>HARTFORD LIFE INSURANCE COMPANY,<br><br>    Defendant.                                  / | No. C-05-01191 EDL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DETERMINE THAT FEE REQUEST IS PREMATURE; GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; AND GRANTING DEFENDANT'S MOTION TO RETAIN JURISDICTION** |

On March 7, 2006, the Court remanded this matter, brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., to Defendant's Plan Administrator to reconsider Plaintiff's disability benefits claim. On April 5, 2006, Defendant filed a motion to retain jurisdiction and to determine that an award of attorney's fees was premature. Also on April 5, 2006, Plaintiff filed a motion for attorney's fees. Because these matters were appropriate for decision without oral argument, the Court vacated the May 16, 2006 hearing date. For the reasons set forth below, the Court enters the following Order.

**Attorney's Fees**

Plaintiff seeks $66,945.00 in attorney's fees as the prevailing party in this case. Plaintiff argues that even though the case had been remanded for further proceedings before the Plan Administrator, she is already a prevailing party entitled to interim fees. She argues that she prevailed on the significant issue of whether Defendant abused its discretion in denying her claim and achieved at least some relief in the form of a full and fair review of the claim under the correct standard. Defendant argues that the fee motion is premature because Plaintiff has not prevailed on a significant issue in this case and has not been awarded benefits. Defendant also notes that it

prevailed on several issues raised in the summary judgment motion. For example, the Court rejected Plaintiff's argument that a serious conflict of interest warranted departure from the abuse of discretion standard of review and rejected Plaintiff's narrow interpretation of the policy term, "Your Occupation." The availability of fees, however, does not turn on a mechanical tally of the relative number of winning arguments on each side.

ERISA provides that a court has discretion to allow an award of reasonable attorney's fees and costs to either party. 29 U.S.C. § 1132(g)(1). This section should be interpreted broadly "to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984) (quoting Landro v. Glendenning Motorways, Inc., 625 F.2d 1344, 1356 (8th Cir. 1980)). Moreover, as a general rule, "ERISA employee plaintiffs should be entitled to a reasonable attorney's fee 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" Smith, 746 F.2d at 589 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (fee award under § 1988)). Interim fees are available under ERISA to the same extent as they are available under civil rights statutes if a party has prevailed on the merits of at least some of its claims. Kayes v. Pacific Lumber Co., 51 F.3d 1449, 1468-69, n. 15 (9th Cir. 1995) (stating the rule but not reaching the fee issue because the district court did not determine whether the plaintiff prevailed on any claim). A prevailing party is one that achieves "'a material alteration of the legal relationship of the parties.'" Buckhannon Bd & Care Home, Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598, 604 (2001) (quoting Texas State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 792-93 (1989)). For example, an enforceable judgment on the merits or a court-ordered consent decree reflects the necessary judicial alteration of the legal relationship to support a fee award, but a voluntary change in defendant's conduct without a court order or an interlocutory ruling that reverses a dismissal for failure to state a claim does not. Buckhannon, 532 U.S. at 604-05.

Here, the Court determined that Defendant "erred by applying a definition of total disability that conflicts with the plan's language when it denied benefits based on Plaintiff's ability to work

2

with accommodations," and "abused its discretion by determining that only disability from *any* sedentary position would trigger coverage under the policy." Mar. 7, 2006 Order at 11-13 (emphasis in original). Thus, the Court concluded that Defendant violated ERISA by applying an incorrect, less favorable standard that resulted in the denial of Plaintiff's entitlement to benefits. The Court's Order altered the legal relationship of the parties in that Defendant is now under court order to reconsider Plaintiff's disability benefits claim in accordance with the remand order, and specifically to determine "whether Plaintiff can perform the essential duties of her occupation as a sales assistant/Assistant Vice-President at a trading desk in the investment banking sector in view of her limitations, without simply assuming accommodations that may not be available." Mar. 7, 2006 Order at 17:9-11. Plaintiff succeeded on a significant issue, that is, that the benefits determination contained errors in violation of ERISA, and achieved at least some of the relief that she sought, that is, a re-determination of her benefits claim.

An award of interim fees is supported by the weight of Ninth Circuit precedent. For example, in White v. Jacobs Engineering Group Long Term Disability Benefit Plan, 896 F.2d 344, 349 (9th Cir. 1990), the Ninth Circuit awarded interim fees in an ERISA case after ordering a new determination by the Plan of the plaintiff's entitlement to benefits. The appellate court reversed summary judgment that had been granted to the defendant on the ground that the plaintiff failed to timely exhaust his administrative remedies. The court held that the benefits termination notice sent to the plaintiff was insufficiently specific under the statutory and regulatory requirements to trigger the plan's time bar to appeal and directed the district court to remand the claim to the plan appeals board for adjudication on the merits. White, 896 F.2d at 352. The White court held that the plaintiff was entitled to an award of interim fees because he prevailed on a significant issue and there were no special circumstances that would render an award unjust. Id.

Further, in Mantolete v. Bolger, 791 F.2d 784 (9th Cir. 1986), a case brought under the Rehabilitation Act, 29 U.S.C. § 794a(b), the court granted interim attorney's fees and rejected the government's argument that the plaintiff was not a prevailing party for purposes of fees because the issue of whether the plaintiff was improperly denied a job due to her disability remained to be decided. Mantolete, 791 F.2d at 786. Specifically, the court stated that the plaintiff prevailed on

3

significant issues that directly benefitted her and other disabled persons, so a fee award was appropriate. Id. ("First, our decision establishes that, . . . the government cannot refuse to give full consideration to the hiring and promotion of a handicapped person merely because the employment of the person presents an elevated risk of injury, without regard to the likelihood or seriousness of the injury. . . . Second, we held that the district court failed to apply a meaningful standard for determining whether the Postal Service could reasonably accommodate Ms. Mantolete's handicap without undue hardship. . . . Third, our decision imposes specific, affirmative obligations on federal employers to gather information from the applicant and qualified experts so that they can properly evaluate whether there is a reasonable probability of substantial harm, and whether a reasonable accommodation of the applicant's handicap is possible."). As in White and Mantolete, the Court here already found a violation of ERISA and Plaintiff prevailed on a significant issue. Moreover, there are no special circumstances that would render a fee award unjust.

The cases cited by Defendant that either hold or state in dicta that interim fees are unavailable where a case is remanded for further ERISA proceedings are distinguishable.[1] In Flanagan v. Inland Empire Elec. Workers Pension Pan & Trust, 3 F.3d 1246, 1253-54 (9th Cir. 1993), the court reversed the district court's grant of summary judgment in favor of the defendants, and stated in dicta that: "[r]eversal of summary judgment, on grounds of standing and limitations, is analogous to a remand of a benefits claim to an administering agency [citations omitted], or the

---

[1] Both parties also cite unpublished cases in support of their positions. See, e.g., Kistler v. Financial American Group Long Term Disability Plan, 35 Fed. Appx. 516 (9th Cir. 2002); Mizzell v. Providence Life & Accident Ins., 32 Fed. Appx. 352 (9th Cir. 2002). Ninth Circuit Rule 36-3 permits citation of unpublished dispositions "for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorney's fees or the existence of a related case." Rule 36-3 does not, however, permit the citation of unpublished dispositions as legal authority. Sorchini v. City of Covina, 250 F.3d 706, 708 (9th Cir. 2001) ("As the wording [of Rule 36-3] clearly indicates, this exception permits the citation to an unpublished disposition where the very existence of the prior case is relevant as to a *factual* matter to the case being briefed. As the list of example suggests, the factual purposes falling within this exception will almost always involve one or both of the parties to the pending case. A prior disposition might show that the current defendant had been prosecuted for the same crime, or that a prior suit had put the defendant on notice of unsafe conditions on his property. The rule does not permit the citation of an unpublished disposition for the purpose of providing "notice" to the court of the existence of absence of legal precedent. If precedent were "a fact" for purposes of the exception, then the exception would swallow up the rule. It would permit an argument such as this: "I am not citing this unpublished disposition as precedent, but only to inform the court of the fact that a prior panel held precisely what I would like the court to hold in my case." Obviously, this is not what the exception was meant to permit.") (emphasis in original). Rather, the exception would apply to show the fact that a party prevailed and is therefore eligible for a fee award.

4

reversal of a directed verdict [citations omitted], neither of which is a sufficient basis for a fee award." More importantly, the Flanagan court concluded that a fee award was not appropriate in that case because the plaintiffs "have not established a right to benefits, *nor* shown that the Plan or its fiduciaries have violated ERISA." Flanagan, 3 F.3d at 1253 (emphasis added); see also McClure v. Life Ins. Co. of No. Am., 84 F.3d 1129, 1136 (9th Cir. 1996) (the record did not include the relevant policy language, so the court could not determine whether or not the defendant violated ERISA); Saffle v. Sierra Power Co. Bargaining Unit LTD Income Plan, 85 F.3d 455, (9th Cir. 1996) (the appellate court reversed the district court's order to pay benefits and simply declined to consider awarding fees on appeal). Here, by contrast, Plaintiff did show that Defendant violated ERISA and seeks interim fees in the district court.

In addition to the prevailing party issue, courts have also applied the following factors in determining whether to award fees in ERISA cases: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 452 (9th Cir. 1980). Significantly, the application of these factors is informed by the remedial purpose of ERISA, "to protect the interests of participants in employee benefit plans . . . to afford them access to federal courts." Id. (citing 29 U.S.C. § 1001(b)). As the Ninth Circuit stated more recently, "[w]hen we apply the Hummell factors, we must keep at the forefront ERISA's remedial purposes that 'should be liberally construed in favor of protecting participants in employee benefit plans.'" McElwaine v. US West, 176 F.3d 1167, 1172 (9th Cir. 1999) (citation omitted).

On balance, the Hummell factors confirm that Plaintiff is entitled to a fee award. There has been no finding or showing of bad faith, so this factor is not decisive and is, at most, neutral. The remaining factors, however, weigh in favor of a fee award. Defendant concedes that it is able to satisfy a fee award. A fee award would likely deter Defendant and other disability benefit plan administrators from misinterpreting or misapplying policy language, or would at least make them

5

more careful in their interpretation and application in disability benefits cases.  Although Plaintiff's case did not directly seek to benefit all participants in the plan, others subject to policy language similar to that at issue in this case will likely benefit.  Although Defendant was successful in defending against some of Plaintiff's arguments on summary judgment, Plaintiff's position was relatively more meritorious because the Court found that Defendant violated ERISA.

Plaintiff's counsel seeks to be compensated for 223.15 hours at a rate of $300.00 per hour, for a total of $66,945.00.  Declaration of Todd Nevell ¶ 2; Ex. A.  Defendant argues first that Plaintiff's hourly rate is excessive, relying on Mogck v. Unum Life Ins. Co., 289 F. Supp. 2d 1181, 1189 (S.D. Cal. 2003) (stating that an hourly rate of $325 and $350 for attorneys with extensive ERISA experience was within the realm of reasonableness).  Plaintiff, however, seeks a rate lower than that approved in Mogck, which was decided three years ago when attorney's fees were generally lower.  Moreover, while the Court shares Defendant's concern that Plaintiff's admitted relative inexperience in ERISA should be taken into account, the Court does so by scrutinizing the amount of time claimed.

The Court agrees with Defendant that the number of hours sought by Plaintiff's counsel for time spent on administrative tasks and time spent preparing the opposition to the summary judgment motion was excessive.  First, counsel is not entitled to fees for tasks that could have been performed by a paralegal, such as preparation of a chronology of documents.  Mogck, 289 F. Supp. 2d at 1193 ("When a lawyer spends time on paralegal tasks [such as preparing a chronology, creating and reorganizing files, preparing tables of contents, and preparing indexes] that are easily delegable to non-professional assistance, legal service rates are not applicable.").  Counsel billed 10.0 hours for preparation of a chronology on January 17, 2005 and January 18, 2005, and 13.25 hours for reviewing and tabbing Defendant's initial disclosures on July 25, 2005 and July 28, 2005.  While Plaintiff's counsel argues that his chronology included references to strategy and the like (Reply at 5:21-24), he could have more efficiently annotated a chronology prepared by a paralegal.  Therefore, the Court does not award the ten hours spent on the chronology.  Counsel does not address in the reply the time spent reviewing and tabbing the initial disclosures.  The time spent reviewing the disclosures is an attorney task for which Plaintiff's counsel should be compensated, but the time

spent tabbing is easily delegable to a paralegal and therefore not compensable. Because the time spent reviewing is not separated from the time spent tabbing the initial disclosures, the Court reduces the total number of hours for those tasks by 6.50 hours.

Second, counsel's inexperience with ERISA litigation unnecessarily increased his fees. Plaintiff's counsel states in his declaration that $300.00 is his usual and customary rate and that he has extensive experience in civil litigation. Nevell Decl. ¶ 2. He does not, however, say that he has any experience in ERISA litigation. In fact, counsel admitted at the summary judgment hearing that because he does not specialize in disability work, it has taken him "some time to weed through the caselaw," and that he was struggling with a "learning process." For example, counsel's billing records indicate that he spent almost sixty hours reviewing the summary judgment motion, researching caselaw and preparing an opposition. Given counsel's inexperience in ERISA litigation and the relatively large number of hours he spent, some of his time spent was incurred in educating himself about this complicated area of law. A rate of $300 per hour presumes that the client will not have to pay for the attorney's basic education in this area of law. Accordingly, the Court reduces twenty-five hours from counsel's hours claimed for work on the opposition to the summary judgment motion.

Plaintiff's motion for fees is granted in the amount of $54,495.00 (181.65 hours at $300.00 per hour).

**Retention of jurisdiction**

Defendant filed a motion for the Court to retain jurisdiction while this matter is on remand so that the Court may review the ultimate benefits determination without the need for any party to file a new case. Plaintiff did not oppose this motion.

While the Court could enter judgment now, retention of jurisdiction under these circumstances is also appropriate. Lancaster v. United States Shoe Corp., 934 F. Supp. 1137, 1170 (N.D. Cal. 1996) (Brazil, J.) (remanding ERISA case to plan administrator where the denial of benefits was based, *inter alia*, on a legally impermissible interpretation of the benefits plan, and retaining jurisdiction) (citing Copeland v. Carpenters Dist. Council of Houston & Vicinity Pension Fund, 771 F. Supp. 807, 810 (E.D. Tex. 1991) (remanding ERISA action to plan administrator for

7

further proceedings and retaining jurisdiction "until such time as the court determines that all matters arising out of [the] action have been finally disposed of.")); Spanos v. TJX Companies, 220 F. Supp. 2d 67, 74 (D. Mass. 2002) (remanding for the purpose of permitting plaintiff to appeal denial of benefits administratively and retaining jurisdiction pending the decision of the plan administrator; stating "The preferred course of action is for the Court to retain jurisdiction over the matter but not to enter a final judgment."); Maida v. Life Ins. Co. of No. America, 949 F. Supp. 1087, 1093-94 (S.D. N.Y. 1997) (discussing whether to remand or enter final judgment and noting that several courts retain jurisdiction; and concluding that "appropriate court of action is to retain jurisdiction over this case pending the outcome of the remand while at the same time ensuring that the remand is dealt with expeditiously," on the grounds that if court did not retain jurisdiction, the plaintiff would be obliged to pay another filing fee to obtain judicial review and there is a policy against piecemeal appeals).

The Court has found no requirement that it enter judgment, rather than retain jurisdiction, in this type of case. The Court could enter a final judgment in this case, but because retaining jurisdiction serves judicial economy and promotes fairness, and because Defendant requests retention of jurisdiction for the parties' convenience, Defendant's motion to retain jurisdiction is granted.

**IT IS SO ORDERED.**

Dated: May 23, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge